E-FILED
Friday, 13 January, 2006  12:55:39 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

```
LIDELL WRIGHT,                  )
                                )
        Plaintiff,              )
                                )
     v.                         )     Case No. 05-1063
                                )
CITY OF PEORIA, ILLINOIS, and   )
SONNI WILLIAMS,                 )
                                )
        Defendant.              )
```

### **O R D E R**

Before the Court are Defendants' Motion to Dismiss [Doc. # 8], Plaintiff's Objections to District Judge to Magistrate Judge's April 13, 2005 Order & for Other Relief [Doc. # 13], and Motion to Strike Plaintiff's Notice of Filing Report and Recommendation [Doc. # 21]. For the reasons that follow the Motion to Dismiss will be granted in part and denied in part, the Magistrate Judge's April 13, 2005 Order will be affirmed, and the Motion to Strike will be denied as moot.

### **I.   Background**

The following facts taken from the Complaint must be accepted as true for the purposes of Defendants' Motion to Dismiss. On May 3, 2002, Plaintiff was ticketed for violating the City of Peoria's noise ordinance. On June 26, 2003, Defendant Sonni Williams ("Williams"), in her capacity as Assistant Corporation Counsel for Defendant City of Peoria ("Peoria"), filed a noise ordinance complaint against Plaintiff. On September 18, 2003, the Circuit Court of Peoria County ("Circuit Court") ordered Plaintiff to pay a $200 fine and $79 in costs by January 15, 2004, or appear in

court on that day.  On  January 8, 2004, the Circuit Court extended the time for Plaintiff to pay the fines and costs until March 11, 2004.

Despite the Circuit Court's extension, Williams filed a petition for rule to show cause on January 16, 2004.  In that petition, Williams swore that she believed Plaintiff had "willfully failed or refused to pay or [had] not made a good faith effort to pay" his fine and costs.  The judge issued a show cause order that same day.  After attempting service of the show cause order via a private process server without success, Williams petitioned the Circuit Court for the issuance of an arrest warrant.  The Circuit Court issued a warrant for Plaintiff's arrest on February 19, 2004.  In obtaining the arrest warrant, Williams signed an affidavit in which she attested that she had "exercised due diligence and [had] made reasonable efforts to personally serve [Plaintiff] to appear in court and show cause why the final order was not complied with."  Plaintiff was arrested on February 26, 2004.

Thereafter, Plaintiff filed his current Complaint in which he claims Williams, as a policy making agent of Peoria, violated his constitutional rights to be free from unreasonable searches and seizures when she petitioned the Circuit Court on January 16, 2004 and February 19, 2004, in an attempt to collect the fines and costs when Plaintiff's time for paying them had not lapsed.  Plaintiff also claims Williams's actions constituted abuse of process under state law.

**II. Motion to Dismiss**

    **A.   Legal Standard**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. <u>Williams v. Ramos</u>, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. <u>Travel All Over the World, Inc. v. Kingdom of Saudi Arabia</u>, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 730 (7th Cir. 1994).

    **B.   Analysis**

In support of their motion to dismiss, Defendants argue that (1) Williams is entitled to absolute immunity, and (2) Plaintiff has failed to state a claim for abuse of process. The Court will address each of these arguments in turn.

    **1.   Williams is not entitled to absolute immunity for the claims arising from the signing of the affidavit for an arrest warrant.**

Prosecutors are absolutely immune from suits for monetary damages under section 1983 for conduct that is intimately associated with the judicial phase of the criminal process. <u>See</u> <u>Smith v. Power</u>, 346 F.3d 740, 742 (7th Cir. 2003). However, when a prosecutor's actions are unrelated to the preparation and initiation of proceedings he is only entitled to qualified immunity. <u>See</u> <u>Burns v. Reed</u>, 500 U.S. 478, 494-95 (1991); <u>Power</u>, 346 F.3d at 742.

"These standards also apply to a prosecutor's acts in initiating *civil* proceedings as long the prosecutor is 'functioning in an enforcement role analogous to' his role in criminal proceedings." Id. (citing Mendenhall v. Goldsmith, 59 F.3d 685, 691 (7th Cir. 1995).

Defendants argue that the verified petition for rule to show cause and the affidavit in support of the arrest warrant operated as motions to the Circuit Court and were not testimonial. Thus, Defendants argue, Williams is entitled to absolute immunity for her conduct associated with these documents. Plaintiff counters that "Williams had no immunity as an attorney under federal law for filing an Affidavit for issuance of an Arrest Warrant containing false statements as a witness."[1] The Court agrees with Plaintiff that Williams's conduct in signing the arrest warrant affidavit was not "intimately associated with the judicial phase of the criminal process" so as to entitled her to absolute immunity.

The Supreme Court has found that the Fourth Amendment requires that arrest warrants be based upon probable cause, supported by an oath or affirmation. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997). In this case, the only sworn testimony that supported the arrest warrant was Williams's affidavit. As the Supreme Court has stated:

> No matter how brief or succinct it may be, the evidentiary component of an application for an arrest

---

[1] In his response to Defendants' Motion to Dismiss, Plaintiff has included arguments against Williams's entitlement to qualified immunity and immunity under state law, however, Defendants have not yet raised these defenses. Thus, the Court will not address them at this time.

>   warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required 'Oath or affirmation' is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

Accordingly, the Court finds that Williams is not entitled to absolute immunity for her conduct in signing the affidavit, and denies the Motion to Dismiss as it relates to Plaintiff's federal constitutional claims.

### 2. Plaintiff has failed to state a claim for abuse of process under Illinois law.

To state claim for abuse of process under Illinois Law, a plaintiff must allege (1) the existence of an ulterior purpose or motive, and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings. Reed v. Doctor's Associates, Inc., 875 N.E.2d 1198, 1206 (Ill. App. 2005). In this case, Plaintiff has not alleged that Defendants had an ulterior purpose or motive in filing for the arrest warrant--the only evident motive is to collect the unpaid fine and costs. Accordingly, the Court will grant Defendants' motion as it relates to Plaintiff's abuse of process claim.

### III. Objections to District Judge to Magistrate Judge's April 13, 2005 Order & for Other Relief

Plaintiff objects to Magistrate Judge Gorman's April 13, 2005 Order denying his motion to consolidate this case with Rist v. Williams & City of Peoria et al, No. 05-1013 (CDIL), which is pending before Judge Michael Mihm. The April 13th order stated:

>   TEXT ORDER Entered by Magistrate Judge John A. Gorman on 4/12/05: Before the Court is Plaintiff's Motion to Consolidate this case with 05-CV-1013. The Court concurs with the factors listed by the Defendant City of Peoria in its Response and Objection. Consolidation is

>inappropriate. Plaintiff's Motion to Consolidate [#10] is therefore DENIED.

Plaintiff argues that the magistrate judge addressed his motion as if it was for consolidation for purposes of trial when it was actually for pre-trial consolidation, and that Plaintiff will be prejudiced if the cases are not consolidated because of the "very real prejudice of inconsistent results and issue of preclusion from separate cases."  In the alternative, Plaintiff seeks an order precluding Defendants "from raising [the defense of failure to state a claim] later due to their reliance on the absence of such a contention in this case as a ground for denial of pre-trial consolidation."

A magistrate judge's order on a nondispositive pretrial matter will be set aside only if it is contrary to law or clearly erroneous.  Fed. R. Civ. P. 72.  The Court cannot say that the magistrate judge's April 13 Order is contrary to law or clearly erroneous.  In his consolidation motion Plaintiff sought complete consolidation of this case with Rist with "the form of trial to be made at the time set forth in the Scheduling Order."  In their response to Plaintiff's motion, Defendants argued that consolidation was not appropriate.  It is not surprising that Defendants did not address whether partial consolidation was appropriate because that is not what Plaintiff sought.  Further, the Court cannot say the magistrate judge's concurrence in Defendants' arguments against consolidation was erroneous merely because the magistrate judge did not consider pretrial consolidation when that is not what Plaintiff requested.

The Court also finds Plaintiff's concerns regarding issue and

claim preclusion are unfounded.  Claim preclusion bars relitigation of claims decided on the merits in a previous suit, or claims that could have been raised in the previous suit, when the previous suit involved the same parties or their privies.  See <u>Simon v. Allstate Employee Group Medical Plan</u>, 263 F.3d 656, 658 (7th Cir. 2001). Issue preclusion bars a party from relitigating an issue that was necessary to a prior decision and that was resolved against that party by a valid final judgment.  See <u>Gutnayer v. Cendant Corporation</u>, 116 Fed. Appx. 758, 760 (7th Cir. 2004) (unpublished order).  Since Plaintiff is not a party to the <u>Rist</u> case, nor is he a privy to that plaintiff, his concerns of issue and claim preclusion are baseless.  Accordingly, Magistrate Judge Gorman's April 13, 2005 Order is affirmed.

**IV.  Motion to Strike Plaintiff's Notice of Filing Report and Recommendation**

On June 15, 2005, Plaintiff filed a copy of Magistrate Judge Cudmore's Report and Recommendation (R & R) in the <u>Rist</u> case. Presumably, this was done in support of Plaintiff's Objections to Magistrate Judge Gorman's April 13th Order.  The Court has not considered the R & R in affirming Magistrate Gorman's Order. Accordingly, the Court will deny the Motion to Strike as moot.

**V.  Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. # 8] is GRANTED IN PART and DENIED IN PART.  It is granted with respect to Plaintiff's abuse of process claim.  It is denied in all other respects.

IT IS FURTHER ORDERED that Magistrate Judge Gorman's April 13, 2005 Order is affirmed.

IT IS FURTHER ORDERED that Defendants; Motion to Strike Plaintiff's Notice of Filing Report and Recommendation [Doc. # 21] is DENIED as MOOT.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Gorman for further pretrial matters.

Entered this   12th   day of January, 2006.

>                    s/ Joe B. McDade
>                 JOE BILLY McDADE
>             United States District Judge